opinion of the court
D. Bruce Crew, III, J.
Defendant moves for an order precluding plaintiff from introducing evidence of intoxication at the trial of this matter and for a further order compelling the oral deposition of plaintiff in Chemung County.
The first prong of the motion is of considerable interest and not the subject of summary disposition. The action was originally commenced in Supreme Court, Kings County, the residence of the administratrix, and was the subject of a successful motion by defendant for change of venue to Chemung County. Defendant asserted, in its motion papers, that one reason for such change was the existence of witnesses residing in Chemung County who would testify at the trial on the issue of intoxication.[1] To controvert that argument plaintiff’s New York City counsel apparently asserted that intoxication was not an issue in this case.[2] *947 The order granting defendant’s motion was appealed to the Appellate Division, Second Department, and in a reply brief filed in that court counsel for plaintiff made an assertion that is the focal point of the instant motion: “The entire intoxication issue has been fabricated by the respondent so that it could claim the need for additional witnesses. Lest there be any doubt, appellant again unequivocally states that she will not claim that respondent was intoxicated” (emphasis added). Following affirmance of the order directing change of venue local counsel was substituted for New York City counsel. Local counsel has now served an amended bill of particulars alleging intoxication as a specification of defendant’s negligence. Defendant contends that, based upon the above-quoted statement made by plaintiff’s counsel, the plaintiff should be precluded from introducing evidence of intoxication at the trial of this action.
Plaintiff’s present counsel urges that New York City counsel relinquished an intoxication claim as a quid pro quo for retention of venue in Kings County. If such were the case, the issue here would be easily determined. However, counsel for plaintiff in Kings County did much more than that. They claimed that “there is nothing in the record of the investigation conducted by the State Police to indicate intoxication” and that the “intoxication issue has been fabricated by [defendant] so that it could claim the need for additional witnesses”. They concluded by stating that “[l]est there be any doubt, [plaintiff] again unequivocally states that she will not claim that the [defendant] was intoxicated” (emphasis added). It strikes the court that such an assertion by the plaintiff’s then counsel, if enforceable, is as binding on plaintiff as if she herself had made it in open court (Mark v City of Buffalo, 87 NY 184). To hold otherwise would invite litigants to change counsel at any time an otherwise binding concession was made in litigation which, upon reflection, appears inappropriate and thereby undo the same. Such a holding might well encourage trial tactics which could undermine the integrity of our judicial proceedings.[3]
*948 Plaintiff contends that the statement made by New York City counsel in their reply brief on appeal does not constitute a stipulation as provided for in CPLR 2104, since it is not in writing and subscribed by her or by her attorneys. That assertion is questionable in view of the fact that it is contained in a printed brief filed with the Appellate Division. Nevertheless, it most assuredly can be considered a concession made in open court and it has long been the rule that “stipulations or concessions made in open court, despite statutory or rule requirements for writings, would be enforced over the objection of lack of a subscribed writing” (Matter of Dolgin Eldert Corp., 31 NY2d 1, 9). As was stated in Banks v American Tract Soc. (4 Sandf Ch 467, 499): “The defendants’ declarations on [the] occasion [of the motion] were intended to have weight with the court on the pending motion. They were a solemn statement, equivalent to a promise or engagement, made to the court and the adverse party”. Such is the case at bar. As to whether or not the concession at bar was one within the apparent authority of plaintiff’s counsel to make the court does not undertake to determine, since that question has not been raised by the plaintiff. Accordingly, the defendant’s motion to preclude is granted.
The second branch of defendant’s motion must be conditionally denied. On the papers before the court it must be concluded that plaintiff is not in physical condition to attend an oral deposition in Chemung County. Therefore, defendant’s motion, in that regard, is denied upon the condition that the deposition be conducted in Kings County and that plaintiff pay the reasonable expenses of defense counsel in attending said deposition together with attorney’s fees at the rate of $75 per hour for the time necessary to travel to and from Chemung County, but not for the taking of the deposition, since that is an expense which would be incurred by defendant in any event. The attorneys should agree to a mutually convenient date, time and place of said deposition to be included in the order submitted herein. In the event of their inability to do so the court will do so arbitrarily.

. Defendant seems to have assumed that such an issue would arise at trial based upon the plaintiff’s third cause of action for punitive damages based upon the alleged wanton, willful and malicious acts of the defendant.

. The court says apparently, because in their brief on appeal to the Appellate Division, New York counsel “reasserts” their position at motion term. Their position must have been taken at oral argument, because there is nothing in the opposing affidavits or their memorandum of law which asserts that intoxication would not be an issue.

. It should be noted that, in the case at bar, there is not the slightest indication that Chemung County counsel has engaged in any impropriety in serving the amended bill of particulars nor is there any indication whatsoever that New York City counsel has referred this case for an improper reason and the court does not mean to so imply.