■ Karen R. Baumis, as Executrix of Charles F. Baumis, Jr., Deceased, Plaintiff, v General Motors Corporation et al., Defendants; John S. Hall, Appellant, and Ronald L. Newell, Respondent. — Appeal from an order of the

Supreme Court at Special Term (Mercure, J.), entered October 3, 1983 in Warren County, which granted a motion by plaintiff's attorney Ronald L. Newell for judgment, based upon an open-court stipulation, against plaintiff's former attorney John S. Hall in the amount of $20,041.56, representing Hall's stipulated share of disbursements incurred in connection with the prosecution of the above-entitled action. ¶ In 1974, plaintiff retained attorney John S. Hall to prosecute a wrongful death action against defendants General Motors Corporation and Bruce Buick, Inc., stemming from an accident in which her then husband was killed. Hall's retainer provided for a one-third contingent fee. Subsequently, plaintiff moved to have Ronald L. Newell substituted for Hall as her attorney. When this motion was granted, the attorneys entered into a stipulation in open court regarding their fees and disbursements. The stipulation provided that Newell would continue as attorney of record and would retain William F. X. Geoghan, Esq. as trial counsel, for 50% of the one-third contingent fee, and the remaining 50% would be divided between Hall and Newell on a two-third to one-third basis, respectively. ¶ The stipulation further provided that, as to: "the disbursements and expenses incurred by the various attorneys throughout this litigation until its final conclusion, two-thirds of the said disbursements will be paid by Mr. Hall and one-third by Mr. Newell. The disbursements, however, will be subject to the inspection and approval of the Trial Justice of the action." ¶ Although not specifically set forth in the stipulation, there is now at least a claim that it was understood by the parties that the cost of the disbursements were merely being advanced by the attorneys and that reimbursement by plaintiff would eventually be made, thus eliminating any claim of champerty. An order incorporating the terms of the stipulation was entered. ¶ A four-week trial of the case resulted in a verdict of no cause of action in March, 1983. Thereafter, by notice of motion dated August 4, 1983, Newell moved for judgment in the amount of $18,263.80, representing Hall's unpaid share of the disbursements since February, 1980. Newell further sought judgment in the amount of $1,777.76 for the disbursements that he paid in excess of his stipulated share prior to February, 1980. With little showing, except attorney Newell's own affidavit couched in conclusory terms, of the reasonableness and necessity of the expenditures incurred, and without the submission of bills covering the services rendered, Special Term granted Newell's motion summarily against Hall in the total amount of $20,041.56. This motion was granted without prejudice to Hall's right to commence a plenary action against plaintiff for reimbursement. However, the order was stayed for 20 days after service of the order to permit Hall to apply to the trial court "for such relief as he deems appropriate", in an effort to comply with the last sentence of the stipulation. When the proceeding came on before the Trial Justice, he refused to entertain it because the judgment had been granted by a Justice of concurrent jurisdiction and because of the pendency of this appeal. ¶ In our opinion, a reversal is necessary. We agree with Special Term that procedurally a motion in an action, as well as a new plenary action, may be used to enforce a stipulation entered into between attorneys in a lawsuit which affects their expenditures (CPLR 2104), at least until the action has been unequivocally terminated (2 Carmody-Wait 2d, NY Prac, § 7:16, p 21). We also agree that absent such termination, the trial court retains its supervisory power over the action and may lend aid to an attorney who has moved to enforce the stipulation (*Teitelbaum Holdings v Gold,* 48 NY2d 51). However, only if the stipulation is unambiguous and the underlying facts undisputed may it be enforced summarily by the court (*Allard v Allard,* 27 AD2d 776). Where, as here, issues of fact arise as to the parties' intent due to the ambiguous language employed in the stipulation as to the meaning and purpose of the clause "subject to the inspection and approval of the Trial

Justice of the action", as well as to whether Hall's obligation was limited to disbursements connected with the action and excluded expenses for "matters or services which are a necessary part or adjunct of a properly equipped lawyer's office" (*Matter of Lessig*, 165 Misc 706, 707-708; see *Levy v State of New York*, 100 Misc 2d 781, 782), and evidentiary hearing is required for proper determination (*Teitelbaum Holdings v Gold, supra*, p 56). ¶ Furthermore, in regard to the monetary amount of the judgment, it appears that Hall was not involved in incurring the disbursements and that the amount and character of the disbursements were exclusively within the control and knowledge of Newell. Therefore, we further find that summary relief was inappropriate, despite Hall's failure to offer evidentiary proof as to the amount of the disbursements in opposition to the motion (*Utica Sheet Metal Corp. v Schecter Corp.*, 25 AD2d 928). Special Term should have conducted an evidentiary hearing in regard to the necessity and reasonableness of the amount of the expenditures sought, as well as to the intent and meaning of the stipulation. We agree, however, that the determination made after the hearing should be without prejudice to Hall's right to commence a plenary action against plaintiff for reimbursement, as found by Special Term. ¶ The order must, therefore, be reversed and the matter remitted for further proceedings not inconsistent herewith. ¶ Order reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.