■ NEW YORK BANK FOR SAVINGS, Now Known as GOLDOME, FSB, Appellant, v HOWARD CORTLANDT ST., INC., et al., Respondents. (And Other Titles.) — In actions to foreclose a mortgage and for injunctive relief, plaintiff appeals from an order of the Supreme Court, Kings County (Composto, J.), dated January 27, 1983, which (1) granted motions by respondents Howard Cortlandt St., Inc. and 40 Flatbush Avenue Extension, Inc. to dismiss plaintiff's second foreclosure action on the ground there was a prior existing foreclosure action, and to enforce a stipulation calling for negotiation of all "outstanding issues" between the parties, entered into in settlement of the action for injunctive relief; (2) denied plaintiff's motion and cross motion to file supplemental summonses and amended complaints in the first and second foreclosure actions; and (3) dismissed the first action, *sua sponte.*

Order modified, by denying respondents' motions to dismiss the second foreclosure action and to enforce the stipulation calling for negotiation of all "outstanding issues" and granting plaintiff's motion to file a supplemental summons and amended complaint in the second foreclosure action. As so modified, order affirmed, with costs to plaintiff. Plaintiff's time to serve the supplemental summons and amended complaint is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

In March, 1981, the New York City Transit Authority (Transit Authority), as tenant of the mortgaged premises, brought an injunction action against Howard Cortlandt St., Inc. and 40 Flatbush Ave. Extension, Inc. as landlords, as a result of a dispute concerning electrical service at the premises. Plaintiff bank was made a party defendant by the Transit Authority as it was an assignee of rent from the premises as credit toward the mortgage and the Transit Authority sought to pay rent into court pending resolution of its dispute with respondents.

Apparently, the Transit Authority had withheld rent for the three months and, as a result, plaintiff instituted a foreclosure action because of the delinquency in rent payments. The matter was settled by stipulation of the parties. This stipulation called for payment of the rent arrears by the Transit Authority, plaintiff's withdrawal of its foreclosure action, and maintenance of the *status quo* concerning electrical service at the premises during "good faith negotiations" of "all outstanding issues". Extensive negotiations ensued and during their course plaintiff and respondents discussed plaintiff bank's claims of other defaults of the mortgage obligations. The Transit Authority paid the back rent and in December, 1981 plaintiff obtained an ex parte order discontinuing the pending foreclosure action. However, plaintiff then instituted a second foreclosure action based upon the new claims of default that the parties were unable to resolve.

Respondents moved to dismiss this second foreclosure action and to enforce the stipulation which they claimed required negotiation of all claims of mortgage default. Upon learning of the ex parte order of discontinuance in the first foreclosure action, respondents moved to vacate that order. Plaintiff moved to amend its complaints in either action depending upon which survived Special Term's determination. The order of discontinuance was vacated by order of the Judge who issued it and the remaining motions were referred to Justice Composto, who directed the parties to proceed to negotiations in accordance with the stipulation in the Transit Authority's action. Justice Composto then dismissed both foreclosure actions.

Special Term misconstrued the nature and effect of the stipulation of the parties to the injunction action, i.e., that the plaintiff had thereby agreed to submit any and all claims of default on the mortgage to negotiation. This stipulation was entered into in settlement of what was essentially a landlord-tenant dispute between the Transit Authority and respondents. All of its provisions, with one exception, were directed at negotiation of terms for continued electrical service at the premises.

The one exception called for plaintiff bank, brought into that action as a defendant because it was an assignee of the rents from the premises, to withdraw a foreclosure action upon the Transit Authority's payment of back rent, which had been withheld because of the dispute over electrical service.

A stipulation is basically a contract and is subject to the general rules of contract construction (*Nishman v De Marco,* 76 AD2d 360, 366; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2104:1, p 559). In construing a contract, a focal point of inquiry must be the objective of the contract and the purposes of the parties (*Matter of Cromwell Towers Redevelopment Co. v City of Yonkers,* 41 NY2d 1, 6; *Farrell Lines v City of New York,* 30 NY2d 76, 83; *Matter of Herzog,* 301 NY 127, 135). Here, both the context in which the stipulation was entered as well as the contract itself indicate that its purpose was to restore past rental payments which was the sole claim of default raised in plaintiff's then-pending foreclosure action, and to effect the negotiations of a solution to the landlord-tenant dispute in order to assure future rental payments. There is no basis in this record for a finding that, in entering into that stipulation, plaintiff agreed to submit any other claims of mortgage default to negotiation without the ability to later seek foreclosure.

Consequently, Special Term's granting of respondents' motions to enforce the stipulation and for dismissal of the second foreclosure action as violative of its requirement of "good faith negotiation" of "all outstanding issues" was erroneous. Inasmuch as the back rent owed by the Transit Authority was admittedly paid, Special Term's dismissal of the first foreclosure action and denial of the motion to amend the complaint therein was proper.

However, the complaint in the second foreclosure action should be reinstated and plaintiff's motion to amend that complaint, in order to particularize its allegations of default, should be granted. Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.