■ RUTH DAVIS, Individually and as Administratrix of the Estate of BARRY DAVIS, Deceased, Appellant, v KIRK SAPA, Respondent. — Appeals (1) from an order of the Supreme Court at Special Term (Crew, III, J.), entered February 29, 1984 in Chemung County, which, *inter alia,* granted defendant's motion to preclude plaintiff from giving evidence at trial relating to the intoxication of defendant, and (2) from an order of said court (Swartwood, J.), entered March 5, 1984 in Chemung County, which denied plaintiff's motion to preclude defendant from giving evidence at trial regarding matters of which particulars were not given pursuant to written demand.

On March 31, 1981, plaintiff, as administratrix of the estate of her deceased son, commenced an action in Kings County for his wrongful death. On August 20, 1981, defendant moved for a change of venue to Chemung County, the site of the accident which caused the death of plaintiff's son. Defendant argued that certain witnesses, all residents of Chemung County, would be called to testify at trial on the question of defendant's intoxication at the time of the accident, an issue raised in plaintiff's complaint. In opposing the motion for a change of venue, plaintiff's counsel stated that plaintiff was not making any claim that defendant was intoxicated. The motion was granted and, on appeal to the Appellate Division, Second Department, plaintiff's brief and reply brief stated that no claim was being made that defendant was intoxicated at the time of the accident. Further, on May 13, 1982, plaintiff served a response to defendant's demand for a bill of particulars and made no claim that the accident was caused by defendant's intoxication. On June 6, 1983, plaintiff's newly retained attorney served an amended bill of particulars alleging that defendant was intoxicated at the time of the accident.

On December 27, 1983, defendant moved to preclude plaintiff from presenting any evidence at trial relating to the intoxication of defendant. Special Term, relying on dictum contained in *Matter of Dolgin Eldert Corp.* (31 NY2d 1), granted defendant's motion and thereby precluded plaintiff from offering at trial any evidence of defendant's intoxication.* Plaintiff appealed from such order. We reverse.

---

* Special Term also granted defendant's motion to compel an examination before trial of plaintiff. Such examination was to be conducted in New York City, but plaintiff was required to pay the expenses and fee of defendant's attorney incurred in traveling to and from the deposition. Plaintiff also appealed from this portion of the order. However, since the issue was not discussed in plaintiff's brief, we deem it waived (*Lamphear v State of New York,* 91 AD2d 791; *Matter of Smith,* 91 AD2d 789).

Since the statute (CPLR 2104) only recognizes an oral stipulation when it is made "in open court", the court in *Dolgin* was reluctant to extend this exception to unrecorded conferences made in a Judge's chambers. Here, while we are concerned with statements made in open court, we are not concerned with an agreement or stipulation between attorneys made in open court. A stipulation or agreement between counsel is essentially a contract and will be construed in accordance with the intent of the parties. Here, counsel for plaintiff made oral concessions in hopes of defeating defendant's motion for a change of venue. A concession for purposes of a motion and made *pro arguendo* is not intended to be a stipulation of fact binding for the entire litigation (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2104:1, p 560).

Turning to the order entered March 5, 1984 which denied plaintiff's motion to preclude defendant from giving certain evidence at trial because of delay in responding to a demand for a bill of particulars, we note that while the delay, two years and eight months, was quite extensive, the legal machinations of the parties in readying this case for trial were significant contributing factors to the length of time that ensued before defendant's bill was served. After issue was joined, there was a motion to change venue and an appeal from the order granting the change, an amended complaint, an amended answer with a demand for a bill of particulars, substitution of plaintiff's counsel and plaintiff's amended bill of particulars. Moreover, there was no request by plaintiff's lawyer for the requested bill until the motion to preclude was made. Further, defendant submitted certain exhibits to plaintiff shortly after the demand for a bill of particulars was made which are very relevant to defendant's claim of culpable conduct on the part of plaintiff's decedent, which is the central issue raised in plaintiff's demand for a bill. We find no abuse of discretion by Special Term in denying the motion for preclusion (see *Goussous v Modern Food Market,* 93 AD2d 417).

Order entered February 29, 1984 modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to preclude plaintiff from giving evidence at trial relating to the intoxication of defendant, that part of defendant's motion denied, and, as so modified, affirmed.

Order entered March 5, 1984 confirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur. [122 Misc 2d 946.]