■ KAREN R. BAUMIS, as Executrix of CHARLES F. BAUMIS, JR., Deceased, Plaintiff, v GENERAL MOTORS CORPORATION et al., Defendants. JOHN S. HALL, Appellant; RONALD L. NEWELL, Respondent.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered January 24, 1985 in Warren County, which granted a motion by plaintiff's attorney, Ronald L. Newell, for judgment against plaintiff's former attorney, John S. Hall.

When this matter was on appeal to us previously, we reversed an order of Special Term which summarily granted a motion by plaintiff's attorney, Ronald L. Newell, for judgment, based upon an open-court stipulation, against plaintiff's former attorney, John S. Hall; we remitted the matter for a hearing concerning the intent and meaning of the stipulation and the necessity and reasonableness of the amount of the expenditures sought (102 AD2d 961). Upon remittal, Special Term held a hearing and made certain findings, resulting in the order from which Hall now appeals. We affirm.

Hall contends that Special Term erred in finding that, pursuant to the open-court stipulation, he was responsible for a share of both expenses and disbursements in the underlying action. The transcript of the stipulation, which had been placed on the record by the Trial Justice at the request of the parties, contains an agreement as to the splitting of the contingency fee, and then it provides, "Further, that the *disbursements and expenses* incurred by the various attorneys throughout this litigation until its final conclusion, two-thirds of the *said disbursements* will be paid by Mr. Hall and one-third by Mr. Newell" (emphasis supplied). Subsequent discussions on the record referred only to disbursements.

A stipulation is essentially a contract and will be construed in accordance with the intent of the parties *(Davis v Sapa,* 107 AD2d 1005, 1006), subject to the general rules of contract construction *(New York Bank for Sav. v Cortlandt St.,* 106 AD2d 496, 498). We are of the view that the initial reference in the stipulation to "the disbursements and expenses", followed by the term "said disbursements", firmly establishes the parties' intent to include expenses, and the subsequent references to disbursements only were generic in nature, encompassing both the terms "disbursements" and "expenses". Nota-

bly absent from the transcript of the stipulation is any language tending to show that the references to disbursements only were intended to change that which clearly had been established at the outset. Accordingly, Special Term properly found that the stipulation included expenses as well as disbursements. This finding is further supported by evidence concerning the initial stipulation between Hall and Newell. Hall, however, testified that he never intended to have expenses included in the stipulation at issue, but Special Term refused to consider this testimony, citing the parol evidence rule. We conclude that if Special Term erred in its refusal, as claimed by Hall, such error was harmless, for our review of the record in its entirety, including Hall's testimony, establishes that Special Term correctly found that expenses were included in the stipulation.

We also reject Hall's claim that the record contains inadequate and incompetent proof concerning the existence, amount and reasonableness of the expenses and disbursements incurred. Newell testified as to the various expenses and disbursements and offered copies of canceled checks, ledger sheets, bills, receipts and statements, which were kept in the ordinary course of business. There was also expert testimony as to the reasonableness of the various expenses and disbursements. That Newell and his witness, Scott Daly, also an attorney, had an interest in the outcome of the dispute did not render their testimony incompetent, but was only a factor weighing on their credibility (see, Bornhurst v Massachusetts Bonding & Ins. Co., 21 NY2d 581, 586). Special Term weighed the evidence and made findings which have sufficient evidentiary support in the record. It is noteworthy that the Justice who made these findings was familiar with the proceedings involved in the underlying action.

Hall's claim that he should be excused from his obligation under the stipulation due to the unfavorable outcome in the underlying action is without merit. Such a result was or should have been a foreseeable risk to an experienced attorney. Had the parties intended to condition their obligations on a favorable result in the underlying action, they would have so provided in the stipulation.

We have considered the other arguments for reversal and find them meritless. The order should be affirmed.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.