■ T. J. PICOZZI CONSTRUCTION COMPANY, INC., Respondent, v EXCHANGE MUTUAL INSURANCE COMPANY, INC., Appellant, et al., Defendant.—Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 28, 1986 in Albany County, which granted plaintiff's motion for summary judgment.

The New York State Urban Development Corporation and others commenced an action against Dow Chemical Company, Inc., and Amspec, Inc. (hereinafter collectively referred to as Dow) in the United States District Court for the Southern District of New York for damages alleged to have resulted from the use of the product "Sarabond" in several construction projects, including the Kennedy Plaza in the City of Utica, Oneida County. It was alleged in the complaint in that action that the Dow product, a polymer-based cement additive, caused steel corrosion at a rate greater than that experienced with conventional mortar. Dow in turn commenced a third-

party action sounding in indemnity and/or contribution against plaintiff, a masonry subcontractor responsible for erection of the facade of the Kennedy Plaza.

Plaintiff had procured liability insurance from defendant Exchange Mutual Insurance Company, Inc. (hereinafter Exchange) for the years 1971 through 1976 and from defendant CNA Insurance Company (hereinafter CNA) for the years thereafter. Plaintiff delivered the third-party summons and complaint to Exchange and requested that Exchange provide it with a defense in the District Court action. Exchange declined, and the instant action was commenced by plaintiff for a declaration of Exchange's obligation to defend and for the cost of plaintiff's legal defense by private counsel through February 28, 1985.* Plaintiff moved for summary judgment for the relief demanded in the complaint. Supreme Court granted the motion, determining as a matter of law that Exchange did owe plaintiff a defense, and directed the entry of judgment in the amount of $6,652, the total counsel fees alleged to have been paid by plaintiff in defense of the third-party action and in prosecution of the instant declaratory judgment action. Exchange appeals.

In our view, Supreme Court was correct in its determination that Exchange was required to provide plaintiff with a defense to the third-party action in District Court. Although neither the complaint nor the third-party complaint in that action allege the time of the occurrence forming the basis for the claim, a fact beyond the control of plaintiff, the uncontroverted sworn allegation of plaintiff's principal that the Kennedy Plaza work commenced in 1971 or 1972 is sufficient to invoke coverage under the policy. This is especially so in view of the fact that the subject occurrence was the gradual oxidation of steel, an event which cannot be fixed precisely in time. An insurer's obligation to furnish its insured with a defense has consistently been held to be broader than its duty to pay *(see, e.g., International Paper Co. v Continental Cas. Co.,* 35 NY2d 322). "The duty to defend arises not from the probability of recovery but from its possibility, no matter how remote. Any doubt as to whether the allegations state a claim covered by the policy must be resolved in favor of the insured as against the insurer" *(Muhlstock & Co. v American Home Assur. Co.,* 117 AD2d 117, 122).

---

* CNA undertook plaintiff's defense on that date in exchange for plaintiff's release of any claim arising out of CNA's prior refusal. The underlying District Court action was ultimately settled, with Dow withdrawing its claims against plaintiff.

We cannot agree, however, that plaintiff was entitled to summary judgment on the issue of damages. First, legal expenses incurred in the prosecution of this action should not have been included in the award, since it is the rule in New York that recovery may not be had for counsel fees and disbursements incurred in an action to compel an insurer to comply with its policy obligations (see, *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21). Further, because facts concerning the precise legal services rendered on behalf of plaintiff and whether the services were reasonable and/or necessary were peculiarly within the knowledge of plaintiff's attorneys, the actual damages should not have been fixed in the absence of an evidentiary hearing (see, *Baumis v General Motors Corp.,* 102 AD2d 961). The reasonable value of an attorney's services almost always presents a triable issue of fact (see, *Hanley v Fox,* 90 AD2d 662, 663; *Miserendino, Krull & Foley v Crump,* 64 AD2d 842, 843; *Bernini v Zylka,* 51 AD2d 689).

Order modified, on the law, without costs, by reversing so much thereof as awarded plaintiff damages; motion denied to that extent; and, as so modified affirmed. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.