■ IRA J. EMERY, JR., et al., Respondents, v CAPITAL MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.— Mercure, J. Appeal from an order of the Supreme Court (Ford, J.), entered April 6, 1988 in Saratoga County, which, *inter alia,* granted plaintiffs' motion for summary judgment and declared that defendant Capital Mutual Insurance Company was required to defend plaintiffs in a pending action.

In a personal injury suit commenced by Barbara Kirchoff on behalf of her 16-year-old son, David, it is alleged that David's injuries were due to acts of negligence on the part of plaintiffs in the instant action. Specifically, she alleged that on March 17, 1985, plaintiffs were negligent in providing David with a

dangerous instrumentality, allowing him to operate the instrumentality without proper instruction, failing to provide proper protective equipment and negligently supervising the boy. David had been left by his mother at plaintiffs' house earlier that day and was injured while operating an all-terrain vehicle (hereinafter ATV) when a neighbor's dog attacked and bit him, causing him to lose control of the ATV and strike a tree.

After receiving the summons and complaint, plaintiffs notified defendant Capital Mutual Insurance Company of the underlying action and, in turn, Capital advised that an exclusion in plaintiffs' homeowner's policy relieved it of the obligation to defend. Thereafter, plaintiffs instituted this action seeking a declaration that the policy of insurance issued by Capital did afford coverage in the underlying action and that Capital had a duty to defend the action. Supreme Court granted plaintiffs' motion for summary judgment, compelling Capital to defend the Kirchoff lawsuit and to pay plaintiffs' counsel fees. Capital's cross motion for summary judgment, seeking a determination that there is no coverage and no duty to defend, was denied on the ground that there were issues of fact as to coverage. Capital appeals.

It is well established that the insurer's duty to defend is broader than its duty to indemnify *(Utica Mut. Ins. Co. v Cherry,* 38 NY2d 735, 737). To be relieved of the duty to defend, an insurer must show that the claims alleged against its insured, on the face of the complaint, are solely and entirely within the policy exclusions *(see, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). Moreover, it must be concluded, as a matter of law, that there is no possible factual or legal basis on which the insurer might eventually be obliged to indemnify the insured under any provision of the insurance policy *(Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876). If any allegations are made "which bring the action within the protection purchased", the duty to defend arises *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310).

Here, Capital contends that the claims alleged in the complaint are entirely within the exclusionary provisions of the insurance policy and, accordingly, there is no duty to defend. We disagree. Capital argues that coverage is excluded because there is no proof that the ATV was used primarily to service plaintiffs' property and, additionally, because the 16 year old was under plaintiffs' care. We cannot say, at this early stage of the litigation, in view of conflicting statements in the

record, that it is impossible for plaintiffs to introduce facts supportive of their claim that the ATV was used primarily to service their property. Similarly unavailing is Capital's second contention. According to the policy's New York endorsement, the exclusion from coverage for liability to persons under the age of 21 in the insured's care does not apply in this State. In any event, the record does not demonstrate that the boy was under plaintiffs' care or supervision. Since it cannot be said as a matter of law that there is no possible factual or legal basis upon which Capital might eventually be held obligated to indemnify the insured *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424), it had a duty to defend the Kirchoff action.

As a final matter, Supreme Court did not differentiate between counsel fees incurred by plaintiffs for defending the underlying action and those contracted in bringing this action to settle plaintiffs' rights. Because "it is well settled that an insured may not be awarded attorney fees incurred in the prosecution of a declaratory action against the insurer to determine coverage" *(Penn Aluminum v Aetna Cas. & Sur. Co.,* 61 AD2d 1119, 1120; *see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *Picozzi Constr. Co. v Exchange Mut. Ins. Co.,* 138 AD2d 907, 909), there should be a modification of Supreme Court's order to declare that plaintiffs are entitled only to those counsel fees incurred in defending the underlying action.

Order modified, on the law, with costs to plaintiffs, by declaring that plaintiffs are only entitled to counsel fees incurred in defending the underlying action, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.