■ CELESTE LA MARCHE, Appellant, v POWER TEST PETROLEUM DISTRIBUTORS, INC., et al., Respondents.—In an action to recover damages for wrongful attachment, malicious prosecution, and abuse of process, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated December 8, 1989, as denied her motion for partial summary judgment on her first cause of action.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the plaintiff's motion for partial summary judgment on her first cause of action is granted as to liability only, and the matter is remitted to the Supreme Court, Nassau County, for a trial and determination as to the plaintiff's damages.

The plaintiff has a viable claim for attorneys' fees, an expense incurred in vacating the attachment of her property through a successful defense of a lawsuit brought against her *(see,* CPLR 6212 [e]; *Dean v McHugh Constr. Co.,* 56 AD2d 716,

717; *Thropp v Erb,* 255 NY 75). We are unpersuaded that recovery by her is precluded because the plaintiff's husband may have paid for some or all of her legal expenses. We do not disturb the finding of the Supreme Court that the plaintiff failed to present sufficient documentation separating the fees incurred on her behalf from those of her unsuccessful codefendant, her husband, which included his defense and the prosecution of counterclaims *(see, Dean v McHugh Constr. Co., supra).* However, given the defendants' clear statutory liability to the plaintiff, it would be unjust to delay further a reckoning of her damages in a case she won in 1984. A trial on damages is therefore appropriate at this time *(Picozzi Constr. Co. v Exchange Mut. Ins. Co.,* 138 AD2d 907, 909). Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.