■ EDMOND IACOBACCI, Appellant, v JOHN MCALEAVEY, Respondent, et al., Defendants. [634 NYS2d 515] —In an action, *inter alia,* for an accounting and dissolution of a partnership, the plaintiff appeals from stated portions of (1) an order of the Supreme Court, Nassau County (Lockman, J.), dated March 17, 1994, which, *inter alia,* denied those branches of his motion which sought an award of $25,000 in liquidated damages and the sale of real property to satisfy unpaid partnership liabilities pursuant to a stipulation of settlement between the plaintiff and the defendant John McAleavey, and (2) an order of the same court, dated August 3, 1994, which, *inter alia,* upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 17, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 3, 1994, made upon reargument; and it is further,

Ordered that the order dated August 3, 1994, is affirmed insofar as appealed from, without costs or disbursements.

During the course of the trial of the instant action to dissolve the partnership between the plaintiff and the defendant John McAleavey, the plaintiff and McAleavey entered into a stipulation of settlement. When McAleavey failed to satisfy one of the conditions of the stipulation with respect to the satisfaction of liens that had been placed on one of the parcels of land owned by the partnership, the plaintiff moved, *inter alia,* to force a sale of another piece of property held by the defendant, and for an award of $25,000 as liquidated damages. The Supreme Court found, *inter alia,* that while the defendant had failed to fulfill his obligation to satisfy the liens, the plaintiff was not entitled under the terms of the stipulation to the relief requested on the motion. We agree.

A stipulation is basically a contract and is subject to the gen-

eral rules of contract interpretation *(see, Baumis v General Motors Corp.,* 117 AD2d 884; *New York Bank for Sav. v Cortlandt St.,* 106 AD2d 496, 498; *Nishman v De Marco,* 76 AD2d 360, 366). A court should construe a stipulation in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole *(see, Kraker v Roll,* 100 AD2d 424, 436; *see also, Davis v Sapa,* 107 AD2d 1005; *Furgang v Epstein,* 106 AD2d 609). However, a court should not, under the guise of interpretation, make a new contract for the parties *(see, Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386; *see also, Marine Assocs. v New Suffolk Dev. Corp.,* 125 AD2d 649, 652).

In the instant case, an objective reading of Section III ("Sale and Distribution of Partnership Assets") and Section IV ("Default") of the stipulation reveals that neither the provision for liquidated damages nor the provision for the forced sale of property applied to the defendant's failure to satisfy certain liens. The Supreme Court correctly interpreted the parties' stipulation and properly determined that the plaintiff was not entitled to the requested relief under the circumstances herein. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.