In an action, inter alia, in effect, to recover the proceeds of an escrow account, the defendants appeal from a judgment of the Supreme Court, Nassau County (Adams, J.), dated July 27, 2009, which, upon so much of an order of the same court dated June 4, 2009, as denied their motion for summary judgment dismissing the complaint and granted that branch of the plaintiffs cross motion which was for summary judgment on the first cause of action, in effect, to recover the proceeds of an escrow account, is in favor of the plaintiff and against them in the principal sum of $16,500.
*1057 Ordered that the judgment is affirmed, with costs.
In 1986 Leonard Shumsey purchased certain real property (hereinafter the premises) in Freeport and executed a mortgage on the premises in favor of Mario Blanco. In April 2002 Blanco executed a partial assignment of the mortgage to the plaintiff. In December 2002 the defendant The Gillen Living Trust, doing business as Jumbo Investments (hereinafter GLT), purchased a tax lien certificate referable to the premises at a tax auction conducted by the Village of Freeport and, in June 2005, the Village issued a tax deed to GLT with respect to the premises.
The plaintiff commenced an action in the Supreme Court, Nassau County, under index No. 12652/05 (hereinafter the 2005 action), inter alia, for a judgment declaring that the tax deed was null and void and that GLT did not have absolute and unencumbered title to the premises. Shumsey and the defendants in the present action, among others, were parties to the 2005 action. In November 2005, while that action was pending, Shumsey and the defendants entered into a written stipulation (hereinafter the stipulation) which was drafted by the defendants’ attorney and so-ordered by the Supreme Court. The stipulation provided, among other things, that Shumsey would deposit monthly “rent” payments in the amount of $1,500 into an escrow account and that the proceeds of the account were to be distributed “per court order only.”
In April 2006 the Supreme Court entered a judgment, inter alia, declaring that the tax deed was valid and that GLT had absolute and unencumbered title to the premises, and directing that the proceeds of the escrow account be distributed to GLT. This Court reversed the April 2006 judgment insofar as appealed from (see Orra Realty Corp. v Gillen, 46 AD3d 649 [2007]) and, in February 2008, the Supreme Court entered an “Amended Judgment” which, among other things, vacated the April 2006 judgment, declared that GLT did not have valid, absolute, and unencumbered title to the premises, and cancelled the tax deed issued to GLT.
Shumsey commenced the present action seeking, among other things, in effect, recovery of the proceeds of the escrow account, and he subsequently assigned his interest in this action to the plaintiff. Upon denying the defendants’ motion for summary judgment dismissing the complaint and granting that branch of the plaintiffs cross motion which was for summary judgment on the first cause of action, in effect, to recover the proceeds of the escrow account, the Supreme Court entered judgment in favor of the plaintiff and against the defendants in the principal sum of $16,500. We affirm.
*1058 “A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and ‘will be construed in accordance with contract principles and the parties’ intent’ ” (Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [2006], quoting Serna v Pergament Distribs., 182 AD2d 985, 986 [1992]; see Camelot of Staten Is., Inc. v Metropolitan Mgt., LLC, 56 AD3d 505 [2008]). Here, an objective reading of the stipulation (see Iacobacci v McAleavey, 222 AD2d 406, 407 [1995]) reveals that the defendants were not entitled to the proceeds of the escrow account if, in the 2005 action, the plaintiff succeeded in obtaining a declaration that GLT did not have absolute and unencumbered title to the premises and in having the tax deed cancelled (see generally W.W.W. Assoc, v Giancontieri, 77 NY2d 157, 162 [1990]). Thus, the stipulation submitted by the defendants in support of their motion was insufficient to make a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In contrast, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the first cause of action, in effect, to recover the proceeds of the escrow account by demonstrating that the stipulation entitled Shumsey to recover his “rent” payments under the aforementioned circumstances, and the defendants failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The defendants’ remaining contentions are without merit. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.