# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

325
CA 16-00689
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

ANITA A. VITULLO, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARCO CERCONE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILKOFSKY, FRIEDMAN, KAREL & CUMMINS, NEW YORK CITY (HARRY A. CUMMINS
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Norman
I. Siegel, J.), entered July 7, 2015. The order denied defendant's
motion to enforce the settlement agreement entered between the parties
and to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, defendant's motion is
granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action against defendant,
her insurer, to recover for property damage that she sustained in a
fire on her premises. After the fire, plaintiff submitted claims
covering damages to the main house, pavers, landscaping, a carriage
house, and other items on the premises, which defendant refused to
pay. After plaintiff commenced this action, the parties entered into
a stipulated settlement agreement (agreement) under which defendant
compensated plaintiff for certain enumerated items, and the parties
otherwise agreed to abide by an appraisal "only with respect to the
actual cash value of [p]laintiff['s] dwelling as it stood immediately
before the fire loss." The parties agreed that, once the appraisal
was complete and plaintiff was paid, they would execute any documents
necessary to effect a discontinuance of the action. The appraisers
proceeded to calculate the value of the main house, as well as each
outstanding item for which plaintiff had submitted a claim. Defendant
paid plaintiff the appraised value of the main house only, on the
understanding that plaintiff had agreed to forego additional
compensation. Plaintiff disagreed with defendant's construction of
the agreement and refused to stipulate to a discontinuance of the
action.

In appeal No. 1, we conclude that Supreme Court erred in denying defendant's motion seeking to enforce the agreement and to dismiss the complaint. Generally, a stipulated settlement is binding upon a party if "it is in a writing subscribed by him or his attorney" (CPLR 2104). "Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230; *see Matter of Ecogen Wind LLC v Town of Prattsburgh Town Bd.*, 112 AD3d 1282, 1284), "and a party will be relieved from the consequences of a stipulation made during litigation only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Ecogen Wind LLC*, 112 AD3d at 1284; *see Hallock*, 64 NY2d at 230). Inasmuch as both parties executed the agreement and neither party has asserted that there is cause to invalidate it, we conclude that the agreement constitutes an enforceable contract.

A contract may be enforced summarily where its terms are unambiguous (*see Baumis v General Motors Corp.*, 102 AD2d 961, 962). "Whether a contract is ambiguous is a question of law[,] and extrinsic evidence may not be considered unless the document itself is ambiguous" (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278; *see Non-Instruction Adm'rs & Supervisors Retirees Assn. v School Dist. of City of Niagara Falls*, 118 AD3d 1280, 1281). Furthermore, " 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face' " (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163; *see Non-Instruction Adm'rs & Supervisors Retirees Assn.*, 118 AD3d at 1281). We agree with defendant that the term *dwelling* unambiguously refers only to the main house on the premises. A *dwelling* is defined as "a building or construction used for residence" (Webster's Third New International Dictionary 706 [2002]). Moreover, the recitals contained in the agreement note that the fire "resulted in a total loss to the dwelling," and the main house indisputably was the only building on the premises that sustained a total loss. Defendant fulfilled its remaining obligations under the agreement by paying plaintiff the appraised value of the main house, and thus is entitled to a discontinuance of the action. We therefore conclude that the court erred in denying defendant's motion seeking to enforce the settlement agreement and to dismiss the complaint.

For the foregoing reasons we conclude that, in appeal No. 2, the court properly denied plaintiff's motion for summary judgment inasmuch as plaintiff failed to demonstrate that her construction of the agreement is " 'the only construction [that] can fairly be placed thereon' " (*DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 905, 906).

Entered: March 31, 2017                                    Frances E. Cafarell
                                                           Clerk of the Court