Samuel Hofstadteb, J.
The petitioner, a member and director of the Martin Foundation, Inc. (Foundation), a membership corporation, seeks an order for the inspection and examination of its books and records, as well as those of Martinall Industries, Inc. (Martinall), a Delaware corporation, 50% of whose capital stock is owned by the Foundation. The estate of her late husband, Lester Martin, of which she and three of the individual respondents in this proceeding are executors, own additionally approximately 5.9% of the capital stock of Martinall.
As a director of the Foundation the petitioner has an absolute right to an inspection of its books and records (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119); the rule which accords this unqualified right to corporate directors generally applies to a director of a membership corporation (Matter of Davids v. Sillcox, 297 N. Y. 355, 360; Matter of Ping v. United Democratic Regular Organization, 195 N. Y. S. 2d 860). The respondents have not successfully impugned the petitioner’s right to such inspection.
It is said, however, that there has in fact been no refusal to permit an inspection of the Foundation’s books because the petitioner’s attorney has already been allowed to begin an examination of its minute books. The Foundation respondents apparently resent the peremptory demand for an immediate inspection. It is of no great moment how far, if at all, the respondents are justified in this feeling. Apparently they are no longer willing to grant the petitioner an inspection, for their answering papers and brief challenge her right thereto. In the circumstances, the court must, of course, direct an inspection. The order hereon will, however, malee appropriate provision *875 for the conduct of the examination at reasonable times and without undue inconvenience to the respondents.
The demand for inspection of the Martinall books presents a different question. The petitioner’s letter of January 4, 1962 is addressed to two of the individual respondents as officers of the Foundation, not of Martinall. The equivocal postscript stating that the authority given in that letter to the petitioner’s attorneys and accountants to request access to all corporate records on her behalf ‘ ‘ applies to corporations controlled by the Foundation ” is in no sense a demand upon Martinall. Demand and refusal must be established to entitle the petitioner to inspection (Matter of Hitchcock, 149 App. Div. 824, 827). To overcome this defect, it is suggested that since Martinall is a subsidiary of the Foundation and the books of both are kept in the same place and the two corporations have common officers, a demand on the Foundation is the equivalent of a demand on Martinall. The papers, however, do not establish such control of Martinall by the Foundation as to make the former an instrumentality of the Foundation or the merger of the identity of the two corporations (see Madison Pictures v. Chesapeake Ind., 147 N. Y. S. 2d 55). In point of fact, the books are kept in separate offices in the same building and, while the Foundation and the Lester Martin estate own slightly over 50% of Martinall’s stock, 36%% of its stock is held by about 500 independent stockholders. On these facts, a demand on the Foundation may not be treated as one made on Martinall. The application is denied as to Martinall, without prejudice to renewal after demand on it and refusal.
The withdrawal by the petitioner of her request for a stay of the annual meeting of the Foundation set for February 7, 1962 renders that branch of the motion academic.