Sydney F. Foster, J.
Petitioner brings this proceeding for an order, in the nature of mandamus, under article 78, CPLR, directing the defendant corporation to correct its official records in the following manner: (a) By canceling all stock certificates illegally issued to Spero Lascaris; (b) by issuing to the petitioner new certificates for all the stock of Albany Renting Corporation owned by the petitioner; (c) by making correct entries to show the true and lawful ownership of the stock of said corporation owned by the petitioner and by the Estate of Spero Lascaris.
Petitioner in her own right, and under the terms of the will of her husband, James Lascaris, deceased, which has been probated, claims to be the owner of certain shares of stock in the defendant corporation, The estate of Spero Lascaris, of which the individual defendant, Lucia B. Lascaris, is the administratrix with the will annexed, also claims to be owner of certain stock in the same corporation. While no answer has been made to the petition herein it is apparent from the face of the petition that a conflict exists as to the ownership of certain shares of stock in the corporation. The estate of Spero Lascaris has been in the Surrogate’s Court for over five years and is not yet settled. The stock ownership issue is beclouded by the fact that the original executor of the Spero Lascaris estate, since *264 resigned, made one report on the issue, and the defendant Lucia B. Lascaris, c. t. a., filed a supplemental account which repudiated the account of the former executor and set forth a different claim of stock ownership. Objections to the supplemental account were filed by the petitioner in this proceeding, but the Surrogate dismissed them on the ground that the Spero Lascaris estate did not claim as assets of the decedent any shares of stock in the corporation of which the objectant also claimed ownership. With that decision the petitioner does not agree, for an appeal was taken by petitioner but subsequently withdrawn. At about the same time the proceeding herein by way of mandamus was commenced by petitioner.
Defendants have moved to dismiss the petition herein on the ground that it is insufficient in law (CPLB, 7804, suibd. [f]), and chiefly that mandamus is not a proper remedy upon the facts alleged.
It is clear that fundamentally the controversy here is over the ownership of corporate stock. While the corporate defendant is apparently a closely held family corporation its corporate identity cannot be ignored. Petitioner justifies the institution of this mandamus proceeding on the basis that an order is sought against the corporation as a body included within the purview of CPLB 7802. The same general rules must be applied therefore as would apply to any board, officer or corporation. It has long been a familiar principle that mandamus will not lie except to compel the performance of a clear legal duty. Undoubtedly a clear legal duty would rest upon the corporation, through its officers, to reflect the true ownership of stock certificates upon its books, and make proper transfers, but the duty does not arise nor can mandamus compel its performance until the true ownership is established. Mandamus is not an appropriate remedy to litigate an issue of ownership and then issue an order of mandamus, although such procedure may be more expeditious. Traditionally, an action, usually in equity, is the proper method of resolving such a dispute (People ex rel. Rotten-berg v. Utah Gold & Copper Mines Co., 135 App. Div. 418). The Court of Appeals has said (Travis v. Knox Terpezone Co., 215 N. Y. 259, 264): “ Even against domestic corporations, mandamus is not the proper remedy to compel a transfer of shares (Kortright v. Buffalo Com’l Bank, 20 Wend. 91; Cushman v. Thayer Mfg. Jewelry Co., 76 N. Y. 365).” Despite, the passage of time, the enactment of article 78, and various changes in practice, these substantive principles relating to mandamus do not appear to have been changed or extended. These principles are quite different from those involved in directing an' *265 inspection of corporate books and records, often directed by mandamus.
In view of the foregoing I am constrained to grant the motion to dismiss the petition herein as a matter of law and not in the exercise of discretion.