Bernard S. Meyer, J.
In this special proceeding petitioners Irving Levine and Patricia B. Crespi seek judgment directing inspection of the minute hook, stock certificate book and stock ledger of Pat-Plaza Amusements, Inc., and delivery of certain of its financial statements. The title of the action states that it is brought pursuant to section 624 of the Business Corporation Law, but being confronted with the facts that (1) neither petitioner is a stockholder of record and (2) that the transfer to petitioner Levine of part of petitioner Crespi’s stock may be in violation of a stockholders ’ agreement and may have reduced the effective stockholdings of both petitioners to less than 5% of the corporation’s stock, petitioners have (1) sought refuge in the common law of stockholders’ rights, and (2) alleged that *487 the transfer to Levine was formal rather than actual and requested that the title be deemed amended to delete Irving Levine as a petitioner and the wherefore clause be deemed amended to demand judgment that stock in the name of Albert V. Crespi, Patricia Crespi’s deceased husband, be transferred on the books of the corporation to her name.
The request for judgment directing transfer is not properly made in a special proceeding, the proper remedy for compelling the transfer of shares being not mandamus but a plenary action (Travis v. Knox Terpezone Co., 215 N. Y. 259, 264; Ann. 22 ALR 2d 12). While in this day of flexible pleading a special proceeding and an action may be joined and a civil proceeding is not to be dismissed for error in form (CPLB 103, subds. [a], [b], [c]; 601) it is still necessary that there be a pleading setting forth the elements of the action on the basis of which the remedy is sought. Some but not all of those elements can be gleaned from the present pleading. In the exercise of discretion the court will, therefore, deny the transfer relief requested, without prejudice to the bringing of a plenary action for that relief or to the service of an amended pleading in this proceeding alleging a separate cause of action with respect to the transfer.
Since the respondents ’ brief argues against common-law relief, it is clear that there is no unfairness to them in considering the availability of such relief notwithstanding the reference in the title of this proceeding to section 624 of the Business Corporation Law. It is now beyond cavil that the latter section is in addition to and not in substitution for the rights accorded stockholders by the common law and that the common law did not insist, as does the statute, that the petitioner be either a holder of record or own or speak for any given percentage of outstanding stock (Matter of Ochs v. Washington Hgts. Fed. Sav. & Loan Assn., 17 N Y 2d 82, 86; Matter of Steinway, 159 N. Y. 250; Sivin v. Schwartz, 22 A D 2d 822; but, see, Matter of Brentmore Estates v. Hotel Barbizon, 263 App. Div. 389, 394). It is, however, also clear that the common law recognized no right to a financial statement as distinct from inspection of the corporation’s'books and the making of extracts thereof. “ The provision for a report from the treasurer was not designed to take away an old right, but to give a new one, not as a substitute but as an addition” (Matter of Steinway, 159 N. Y. 250, 265, supra; see, also, Feinberg v. Enselberg, 63 N. Y. S. 2d 891).
The questions to be resolved, therefore, are: (1) have petitioners established a right either under section 624 (subd. [b]) *488 of the Business Corporation Law or the common law to the minute books and stock records ? and (2) have petitioners established a right under section 624 (subd. [e]) of the Business Corporation Law to the financial statements demanded in their petition?
The answer to the first question is negative, for the petition nowhere alleges that a demand was made. Under both section 624 (subd. [b]) of the Business Corporation Law (“upon at least five days’ written demand ”) and at common law (Matter of Latimer v. Herzog Teleseme Co., 75 App. Div. 522; see Matter of Steimway, supra, at p. 263; Matter of Schulman v. DeJonge & Co., 270 App. Div. 147, 149; Matter of Hitchock, 149 App. Div. 824; Matter of Martin v. Martin Foundation, 32 Misc 2d 873) demand is a prerequisite. Nor should demand be regarded as a mere formality, obviated by the bringing of the proceeding, which is, of course, a form of demand, for so to regard it would be to ignore the fact that dismissal for failure to make a prior demand carries with it the right to costs and disbursements, whereas costs cannot be awarded in favor of the corporation if, ignoring the necessity for a demand, the court awards judgment to petitioners (see CPLB 8101).
With respect to the financial statements sought, the petition is insufficient as to any interim balance sheet or profit and loss statement, because it makes no showing as required by section 624 (subd. [e]) of the Business Corporation Law that such a document has been distributed to the corporate respondent’s stockholders or otherwise been made available to the public. As to the annual balance sheet for the fiscal year ending August 31,1970, the letter of November 17, 1970 annexed to the petition and referred to in paragraph 12 thereof is a sufficient demand, but the petition discloses on its face that neither petitioner has been ‘ ‘ a shareholder of record for at least six months immediately preceding his request ’ ’ and the answer and affidavits establish that there is a triable issue concerning whether Patricia Crespi at the time of the demand held ‘ ‘ at least five percent of any class of the outstanding shares ” (see Matter of Leeds v. G. Fried & Sons, 281 App. Div. 851). Petitioners’ argument that the 1966 judgment entered in a New York County proceeding granting Patricia Crespi the right to inspect the corporation’s records is res judicata is not well taken, for at the time of that judgment she was executrix of her husband’s estate and as such was entitled to be treated as a stockholder of record. (Business Corporation Law, § 612, subd. [c]); Matter of Hastings, 128 App. Div. 516, affd. 194 N. Y. 546), whereas her husband’s *489 estate has now been distributed and she is seeking to enforce individual rights.
Settle on notice an order and judgment, in one paper, dismissing without prejudice so much of the petition as seeks judgment directing transfer, dismissing so much thereof as seeks interim balance sheets and inspection of minute hooks and stock records, and, as to that part of the petition seeking the August 31, 1970 balance sheet and profit and loss statement, setting the matter down at Special Term, Part II, for hearing on the question of Patricia Crespi’s status on November 17, 1970 as a 5% shareholder. In view of the extensive hearing that probably will be required and of the consequent waste of time and money involved for the parties and the court system, the judgment may, if respondent corporation so requests and furnishes proof by affidavit of service upon petitioners’ attorney of the balance sheet and profit and loss statement for the period ending August 31, 1970, provide that the financial statement portion of the petition is dismissed without prejudice to the right of the corporation upon any future demand or in any future proceeding to raise the question of the effect of the transfer or attempted transfer by Patricia Crespi to herself and Irving Levine (see CPLR 5013).