■ STATE OF NEW YORK, Respondent, v CHARLES W. FENTON, JR., Appellant.—Appeal (1) from an order of the Supreme Court at Special Term, entered June 9, 1978 in Albany County, which granted plaintiff's motion for summary judgment in the amount of $215.50 with interest from May 5, 1971, and denied defendant's cross motion to dismiss the complaint, and (2) from the judgment entered thereon. In January, 1971, defendant registered as a student at the State University of New York at Buffalo. The tuition and fees owed by defendant for attendance at the university amounted to $215.50. On May 5, 1971, defendant withdrew from the university and plaintiff commenced this action to recover defendant's alleged unpaid tuition and fees. Both parties agree that service of a summons with notice was made on March 14, 1977, although there is disagreement as to whether or not there was personal service on the defendant. In his answer, defendant raised the Statute of Limitations as an affirmative defense as well as challenging the court's jurisdiction based on allegedly defective service of the summons. Thereafter, Special Term granted plaintiff's motion for summary judgment and dismissed defendant's cross motion to dismiss the complaint. This appeal ensued. Plaintiff correctly asserts that the relationship between defendant and the university was contractual in nature (Anthony v Syracuse Univ., 224 App Div 487). In an action arising from a contractual obligation, the Statute of Limitations is six years (CPLR 213; Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1). The Statute of Limitations begins to run when a contract is breached or when one omits the performance of an obligation (Edlux Constr. Corp. v State of New York, 252 App Div 373). According to the exhibits attached to the affidavit of the university in support of the motion for summary judgment, defendant's tuition and fees became due and payable in full by February 19, 1971, or seven days after postmark date of billing and failure to attend class did not change payment due. Plaintiff's cause of action accrued when the payment fell due (see Haimes v Schonwit, 268 App Div 652). We conclude that the cause of action accrued and the Statute of Limitations began to run prior to March 14, 1971 and, therefore, plaintiff's

action is time barred. Accordingly, the order and judgment must be reversed and the complaint dismissed. In view of our resolution of the Statute of Limitations issue, we need not consider defendant's remaining contention that questions of fact existed concerning the propriety of the service of the summons thereby precluding the granting of summary judgment. Order and judgment reversed, on the law and the facts, and cross motion to dismiss the complaint granted, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.