■ MARIA L. SERNA et al., Respondents, v PERGAMENT DISTRIBUTORS, INC., Appellant, et al., Defendant. (And a Third-Party Action.)—Mikoll, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered December 12, 1990 in Rockland County, which granted plaintiffs' motion for judgment against defendant Pergament Distributors, Inc. for failure to comply with a stipulation of settlement.

Plaintiffs and defendant Pergament Distributors, Inc. (hereinafter defendant) entered into a stipulated agreement of settlement whereby a negligence action commenced by plaintiffs was to be settled for the sum of $30,000. Forty percent of the settlement, i.e., $12,000, was to be paid immediately by defendant's insurer, Ambassador Insurance Company, upon the receipt of a release and a stipulation of discontinuance executed by plaintiffs. As to the remaining $18,000, there was a guarantee by defendant that in the event there was no payment by Ambassador within three years from November 20, 1985, defendant would pay $9,000 directly to plaintiffs. As to the remaining $9,000, it was stipulated that the sum would be paid out of the assets of Ambassador. There was no fixed date set for the final $9,000 payment but defendant stipulated that it was guaranteed amount.

Defendant stated that the stipulation was founded upon the understanding that plaintiffs were general creditors to the assets of Ambassador and, as such, they would be paid out of the remainder of the portion of the settlement coming from Ambassador's assets as soon as the administrator of Ambassador's assets fixed the payment schedule.* Plaintiffs' counsel inquired, "The payment itself is not speculative, that will

---

* Ambassador was declared insolvent in May 1985. Pursuant to the New Jersey Surplus Lines Insurance Guarantee Fund Act, the New Jersey Property-Liability Insurance Guarantee Association began processing claims of some of Ambassador's policyholders.

definitely be paid. It is only a question of when, correct?" Defendant replied, "By Ambassador out of Ambassador's assets, yes."

Defense counsel also indicated that the settlement was made with the agreement of the New Jersey Property-Liability Insurance Guarantee Association (hereinafter the Association) and personal counsel to defendant and that it was understood that if defendant should have to pay out any portion of the settlement dollars directly to plaintiffs, it would become a general creditor to the assets of Ambassador for that sum.

Sometime thereafter defendant and the Association litigated the matter of who was to pay the remaining $9,000. A judgment was entered in New Jersey holding that defendant, and not the Association, was responsible for payment of all of these claims directly. Plaintiffs demanded the payment of the final $9,000 from defendant and, upon defendant's failure to pay, plaintiffs sought summary judgment. Supreme Court found that defendant failed to comply with the stipulation agreement and granted plaintiffs' motion. Defendant appeals, contending that Supreme Court erroneously granted judgment in favor of plaintiffs on the stipulation agreement, that defendant was responsible at most for $9,000 and that there are issues of fact which preclude summary judgment.

Settlements in open court of negligence actions terminate all claims of the parties and the agreement becomes enforceable as a contract binding on all parties thereto (see, *Furgang v Epstein,* 106 AD2d 609). Stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties' intent (see, *Davis v Sapa,* 107 AD2d 1005, 1006). It is a fundamental premise of contract law that contracts should be enforced in accordance with their terms (*W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Hudson-Port Ewen Assocs. v Chien Kuo,* 78 NY2d 944, 945). A stipulation of settlement may be set aside or modified only upon such grounds as would permit such relief to be granted in a contract matter (see, *Zioncheck v Zioncheck,* 99 AD2d 563). When parties set down their agreement in a clear and complete manner, it should be enforced according to its terms. Extrinsic evidence is generally inadmissible to add to or vary the agreement. Whether a writing is ambiguous is a question of law to be resolved by the court (*Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191). Summary judgment is not limited to those cases where the stipulation or contract is free from ambiguity and not subject to differing interpretations. "If

there is ambiguity in the terminology used, however, and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury * * *. On the other hand, if the equivocality must be resolved wholly without reference to extrinsic evidence the issue is to be determined as a question of law for the court" *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172 [citations omitted]).

With these principles in mind, we concur with Supreme Court's finding that the equivocality in the stipulation at issue here can and should be resolved as a matter of law by the court on the basis of the stipulation. We find no merit in defendant's contention that a question of fact arises out of defendant's attestations of its understanding of what the language of the stipulation means. "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" *(W.W.W. Assocs. v Giancontieri, supra,* at 162 [citations omitted]).

Imparting common-sense meaning to the stipulation leads to the conclusion that defendant obligated itself to pay plaintiffs $30,000 to settle their negligence action. Defendant confirmed that $12,000 was to be paid immediately, $9,000 by a certain date and another $9,000 at a yet undetermined time. It is clear that defendant agreed that the unpaid amount was a "guaranteed amount". Defendant's expectation that Ambassador would make the final payment does not obviate its personal responsibility to see that the payment was made as part of the stipulation it guaranteed.

We decline to address defendant's contention that it should be relieved of its obligation due to its mistaken assumption that Ambassador would pay plaintiffs. This contention was not raised before Supreme Court and precludes our review *(see, e.g., Gunzburg v Gunzburg,* 152 AD2d 537, 538).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

