■ PETER H. SHARP et al., Appellants, v MRS. MEYER J. STAVISKY, Also Known as THERESA Z. STAVISKY, et al., Respondents. [633 NYS2d 488] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered February 15, 1995, which, insofar as appealed from, denied plaintiffs' motion seeking to vacate a stay of the execution of a warrant of eviction of defendant Mrs. Meyer J. Stavisky, also known as Theresa Z.

Stavisky, from apartment 32-F in the residential cooperative building located at 15 West 72nd Street, New York, New York, based upon defendants' alleged breach of an underlying stipulation of settlement, dated October 4, 1988, unanimously reversed, on the law, without costs, and the motion granted.

"Stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties' intent" *(Serna v Pergament Distribs.,* 182 AD2d 985, 986, *lv dismissed* 80 NY2d 893). Contracts should be enforced in accordance with their terms *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162) and extrinsic evidence is generally inadmissible to add to or to vary the agreement *(Serna v Pergament Distribs., supra).* Whether a written agreement is ambiguous is a question of law to be resolved by the court *(Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191).

Here, contrary to the view expressed by the IAS Court, the substitution by the parties during negotiations of the word "occupy" for the word "reside" in paragraph twenty of the stipulation of settlement did not create an ambiguity. Thus, the IAS Court erred as a matter of law when it relied on extrinsic evidence to interpret this 1988 agreement. When the language of the disputed paragraph is viewed within the context of the entire document, it is apparent that the interpretation urged by the tenant's son would so strain the common lay and legal usages of the term "occupy" as to place it outside the bounds of any reasonable meaning of the term. We agree with appellants that, although it specifically relieved tenant from the obligation of maintaining the demised premises as her primary residence, the stipulation plainly called for her to be in physical occupancy at least some portion of each year. As it is conceded by respondents that Mrs. Stavisky, who is in her nineties and lives in Jerusalem, Israel, has not been to the apartment since early 1990, the court further erred in denying the motion to vacate the stay of execution of the warrant of eviction.

We have considered respondents' alternative arguments regarding laches and the alleged failure of the appellants to comply with 22 NYCRR 202.48, and find them to be unpersuasive. In light of our ruling, we do not reach the respondents' request for attorneys' fees. Were we to reach this issue, we would find that it is not properly before us inasmuch as respondents did not file a notice of cross appeal and this Court is without power to grant affirmative relief to a nonappealing party *(Hecht v City of New York,* 60 NY2d 57, 61). Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.