■ CHRISTOPHER F. SHERIDAN, Appellant-Respondent, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent-Appellant. [745 NYS2d 18] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 19, 2001, which, in an action arising out of defendant Trustees of Columbia University's refusal to forward plaintiff degree holder's college transcript to graduate schools, inter alia, granted defendant's motion to dismiss the complaint insofar as addressed to the causes of action for declaratory judgment, breach of contract and intentional infliction of emotional distress, and denied the motion insofar as addressed to the causes of action for fraud and negligent misrepresentation, unanimously modified, on the law, to dismiss the causes of ac-

tion for fraud and negligent misrepresentation, and to declare that defendant is not in violation of either its charter or New York law by conditioning its forwarding of plaintiff's transcript to graduate schools upon his payment of outstanding tuition, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered October 11, 2001, which, inter alia, granted defendant's motion to reargue insofar as addressed to plaintiff's claim for punitive damages under his causes of action for fraud and negligent misrepresentation, and, upon reargument, dismissed such claim, unanimously dismissed, without costs, as academic.

We reject plaintiff's argument that as a degree holder he is in a fundamentally different position from the plaintiffs in cases holding that a university has no legal obligation to provide a diploma or transcript to a graduating student or former student with outstanding financial obligations to the university (*see, Gray v St. John's Univ.*, 2001 NY Slip Op 40243[U] [App Term, 1st Dept]; *Martin v Pratt Inst.*, 278 AD2d 390 [2d Dept], *lv denied* 96 NY2d 715; *Matter of Spas v Wharton*, 106 Misc 2d 180 [Sup Ct, Albany County]). There is no merit to plaintiff's argument that defendant's refusal to forward his transcript to graduate schools effectively revokes his degree in violation of defendant's charter (Education Law § 226 [9]) and an implied promise by a university to its graduates not to interfere with the privileges and immunities of his or her degree. The challenged policy is clearly "expedient for carrying into effect the designs of [defendant's] institution," as expressly permitted by its charter, and, while the policy may compromise plaintiff's applications to graduate schools, it does not revoke defendant's certification that plaintiff possesses all of the knowledge and skills represented by the degree.

Plaintiff's other causes of action all lack merit. The breach of contract claim, based on an alleged, postdegree agreement under which plaintiff gave defendant a promissory note in exchange for defendant's promise to release his transcript, does not allege the essential terms of the note or the agreement in nonconclusory language, or plaintiff's performance of his obligations thereunder (*see, Matter of Sud v Sud*, 211 AD2d 423, 424). Plaintiff's claim for intentional infliction of emotional distress fails because the challenged policy does not violate defendant's charter or the law, and also because the policy is not so outrageous as to go beyond all possible bounds of decency and be utterly intolerable in a civilized community (*see, Wolkstein v Morgenstern*, 275 AD2d 635, 636-637). Plaintiff's fraud

claim, based on an allegation that defendant misrepresented to him that it would release his transcript if he obtained a bank loan and used it to reduce his obligation to the university, should have been dismissed because plaintiff could not have been defrauded into doing what he was already legally bound to do, i.e., pay his tuition (*see, Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 212). Plaintiff's negligent misrepresentation claim, based on the same alleged misrepresentation, should also have been dismissed, since, at the time of the alleged misrepresentation, the parties were clearly acting at arm's length (*see, Kimmell v Schaefer,* 89 NY2d 257, 263). We have considered and rejected plaintiff's other arguments. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.