Timothy COYLE, Plaintiff,

v.

Susan COYLE, individually, Pamela Olsen, Detective/Agent, individually and in her official capacity as an officer of the Nassau County Police Department, Steven Degraziano, Lieutenant, individually and in his official capacity as an officer of the Nassau County Police Department, The Nassau County Police Department, and The County of Nassau, Defendants.

No. 03 CV 3286(ADS)(ARL).

United States District Court, E.D. New York.

Aug. 30, 2004.

Timothy Coyle, Huntington, NY, Pro Se.

Raoul Lionel Felder, P.C., By James P. Curran, Of Counsel, New York, for the Defendant Susan Coyle.

Nassau County Attorney's Office, By Sean R. Strockyj, Deputy County Attorney, Mineola, NY, for the Defendants Detective Pamela Olsen, Officer Steven Degraziano, the Nassau County Police Department, and the County of Nassau.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Pursuant to 42 U.S.C. § 1983, the *pro se* plaintiff Timothy Coyle ("Coyle" or the "plaintiff") commenced this action against his former wife Susan Coyle, Detective Pamela Olsen ("Detective Olsen"), Officer Steven Degraziano ("Officer Degraziano"), the Nassau County Police Department ("Police Department"), and the County of Nassau ("County") (collectively, "County Defendants"), alleging claims for false arrest and abuse of process. Susan Coyle answered the complaint and asserted counterclaims alleging false arrest and malicious prosecution. Pending before the Court are two motions: (1) A motion by the plaintiff to dismiss Susan Coyle's counterclaims pursuant to, among other things, Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."); and (2) for sanctions on James P. Curran, Esq., Counsel for Susan Coyle, for "knowingly filing two frivolous counterclaims" and attorneys fees.

## I. BACKGROUND

The following facts are taken from Susan Coyle's counterclaims which the Court accepts as true in deciding the present motion. *See Connell v. Signoracci*, 153 F.3d 74, 80 (2d Cir.1998); *see also O'Hearn v. Bodyonics, Ltd.*, 22 F.Supp.2d 7, 10 (E.D.N.Y.1998) (requiring the court to accept the allegations of the counterclaim as true for purposes of a Rule 12(b)(6) motion and construe all reasonable inferences in favor of the defendant).

In May 2002, Timothy Coyle reported to the Police Department, Eighth Precinct ("Eighth Precinct") that Susan Coyle assaulted him at her residence. Upon information and belief, Timothy Coyle insisted that the Nassau Police arrest Susan Coyle. On May 25, 2002 at 7:00 a.m., Susan Coyle was arrested and charged with Assault in the Third Degree. Susan Coyle was transported in handcuffs from the Eighth Precinct to the Nassau County Police Booking Facility. Later that day, at 3:00 p.m., Susan Coyle was released from custody. On October 6, 2002, the Honorable Claire Weinberg of the Nassau County Court dismissed all of the charges against Susan Coyle.

The counterclaims allege that, on or about July 1, 2002, Timothy Coyle reported to the Suffolk County Police Department, Second Precinct ("Second Precinct") that Susan Coyle called him at his residence in violation of an Order of Protection which he previously obtained from the Nassau County Family Court. Thereafter, on July 1, 2002, the Suffolk County Police arrested Susan Coyle at her place of employment and transported her to the Second Precinct Station. After being detained for more than six hours, subsequent to an investigation by the Second Precinct, Susan Coyle was released and no charges were pursued. Timothy Coyle was subsequently arrested and charged with signing a false instrument and filing a false instrument with the Suffolk Police. Upon information and belief, these charges are currently pending.

## A. The Motion to Dismiss the Counterclaims

### 1. Applicable Law

A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Kaltman–Glasel v. Dooley*, 156 F.Supp.2d 225, 226 (D.Conn. 2001). The function of the Court is not to weigh the evidence that may be presented at trial but instead the Court must determine if the counterclaims are legally sufficient. *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985); *see also King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). The Court must construe all reasonable inferences in favor of the defendant and accept the allegations contained in the counterclaims as true. *See Tarshis*, 211 F.3d at 35 (2d Cir.2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999)).

In deciding a Rule 12(b)(6) motion a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken ...." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *Tarshis*, 211 F.3d at 39 (citing *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). The court may take judicial notice of matters of public record, including pleadings and court orders from previous litigation between the

parties. *Reisner v. Stoller*, 51 F.Supp.2d 430, 440 (S.D.N.Y.1999).

█ In this case, on January 15, 2003, Suffolk County Supreme Court Justice Donald Kitson "So Ordered" the Stipulation of Settlement in the divorce proceedings between Timothy Coyle and Susan Coyle ("Stipulation"). Although not stated or referred to in the complaint or counterclaims, the Court may take judicial notice of the Stipulation which was attached to the plaintiff's memorandum of law. *See Reisner*, 51 F.Supp.2d at 440. This Stipulation states in part:

### Article XV: Mutual Release and Discharge of Claims

Subject to the provisions of this Stipulation of Settlement, each party hereto has remised, released forever discharged and, by these presents, does for himself or herself or his or her heirs, legal representatives, executors, administrators and assigns, remise, release and forever discharge the other of and from all cause or causes of action, claims, rights or demands whatsoever in law or equity which either of the parties hereto ever had or now has against the other except those arising out of this Stipulation of Settlement, and by any and all causes of action for absolute divorce (non-financial aspects).

### 2. As to the Counterclaims

In support of his motion to dismiss the counterclaims of false arrest and malicious prosecution, the plaintiff argues that (1) the Stipulation bars counterclaims that accrued prior to the signing of the Stipulation on January 15, 2003; and (2) that the counterclaim relating to the July 1, 2002 arrest was filed in New York state court proceedings and as such, may not be brought simultaneously in this action. As stated above, Article XV of the Stipulation states in part:

### Article XV: Mutual Release and Discharge of Claims

Subject to the provisions of this Stipulation of Settlement, each party hereto has... release[d] and forever discharge[d] the other ... from all cause or causes of action, claims, rights or demands whatsoever in law or equity which either of the parties hereto ever had or now has against the other....

█ Stipulations of settlement are interpreted pursuant to the jurisdiction they were entered into. *See Israel v. Carpenter*, 120 F.3d 361, 366 (2d Cir.1997). In the instant case, the Stipulation was "So Ordered" in the New York Supreme Court. Thus, New York law governs. In New York, " 'stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties' intent.' " *Sharp v. Stavisky*, 633 N.Y.S.2d 488, 489, 221 A.D.2d 216, 217 (1st Dep't 1995) (quoting *Serna v. Pergament Distributors, Inc.*, 582 N.Y.S.2d 550, 552, 182 A.D.2d 985, 986 (3d Dep't 1992)). Here, the Stipulation must be enforced as there is no dispute as to the validity of the Stipulation. *See National Helicopter Corp. of Am. v. City of New York*, 137 F.3d 81, 87 (2d Cir.1998).

Here, Timothy Coyle argues that the Stipulation "clearly forever discharges all causes of action that accrued prior to the signing of the Stipulation of Settlement." Pl. Mem. of Law ¶ 5. The Court agrees. Susan Coyle's counterclaims stem from incidents which occurred on May 25, 2002 and July 1, 2002. These counterclaims accrued prior to the January 15, 2003 Stipulation. Thus, Article XV which "release[d] and forever discharge[d] the other of and from all cause or causes of ... which either of the parties hereto ever had or now has against the other" bars Susan Coyle's counterclaims.

Accordingly, Timothy Coyle's motion to dismiss the counterclaims is granted and Susan Coyle's counterclaims are dismissed.

### 3. As to Timothy Coyle's Complaint

Although she did not file a formal motion, Susan Coyle contends that Timothy Coyle's claims of false arrest are likewise barred by the terms of the Stipulation. Although Susan Coyle has not filed a motion to dismiss, the Court may *sua sponte* dismiss the claims against Susan Coyle because they accrued on October 5, 2002 which was prior to the signing of the Stipulation on January 15, 2003. *See Pillay v. INS,* 45 F.3d 14, 17 (2d Cir.1995) (stating that Courts within the Second Circuit have not hesitated to *sua sponte* dismiss claims brought by *pro se* plaintiffs when it is clear such claims "present[ ] no arguably meritorious issue [for the Court's] consideration."). Accordingly, the Court dismisses the claims against Susan Coyle.

### B. The Motion for Sanctions and Attorney's Fees

Timothy Coyle argues that the Court should sanction James P. Curran, counsel for the defendant, because the "two counterclaims filed on behalf of defendant Susan Coyle were frivolous." Pl. Aff. in Supp. of Pl. Mot. for Sanctions ¶ 25. Timothy Coyle also seeks attorney's fees for his time in preparation of his reply brief.

Rule 11 governs motions for frivolous findings. "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." *See Kropelnicki v. Siegel,* 290 F.3d 118, 131 (2d Cir.2002) (internal citations and quotations omitted).

Courts impose Rule 11 sanctions with discretion and caution. *See Caisse Nationale de Credit Agricole–CNCA v. Valcorp.,* 28 F.3d 259, 264 (2d Cir.1994); *Puccio v. Town of Oyster Bay,* 229 F.Supp.2d 173, 178 (E.D.N.Y.2002). Here, Timothy Coyle has not provided any factual or legal basis to impose sanctions. In the Court's view, the counterclaims are not frivolous within the meaning of Rule 11 because they were reasonable given the incidents that allegedly occurred during the summer and fall of 2002. Nor is there any evidence that Susan Coyle asserted these counterclaims for any improper purpose. Accordingly, Timothy Coyle's motion for sanctions is denied.

Timothy Coyle's contention that he is entitled to attorney's fees is misplaced. It is well settled that a *pro se* litigant is not entitled to attorney's fees. *See Kay v. Ehrler,* 499 U.S. 432, 435, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991); *see also Tam v. United States,* No. 98 Civ. 0069, 2000 WL 1234576, at *1 (S.D.N.Y. Aug. 20, 2000) ("Plaintiff, a *pro se* litigant, is not entitled to recover ... attorney's fees for representing himself") (citing *Hawkins v. 1115 Legal Serv. Care,* 163 F.3d 684, 694–95 (2d Cir.1998)). Accordingly, Timothy Coyle's motion for sanctions and attorney's fees is denied.

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's motion to dismiss Susan Coyle's counterclaims is **GRANTED;** and it is further

**ORDERED,** that Susan Coyle's counterclaims are dismissed with prejudice; and it is further

**ORDERED,** that the Court *sua sponte* dismisses the claims against Susan Coyle with prejudice; and it is further

**ORDERED,** that the plaintiff's motion for sanctions is **DENIED;** and it is further

**ORDERED,** that the plaintiff's motion for attorney's fees is **DENIED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows:

TIMOTHY COYLE, Plaintiff,

--against--

PAMELA OLSEN, Detective/Agent, individually and in her official capacity as an officer of the Nassau County Police Department, STEVEN DEGRAZIANO, Lieutenant, individually and in his official capacity as an officer of the Nassau County Police Department, THE NASSAU COUNTY POLICE DEPARTMENT, and THE COUNTY OF NASSAU, Defendants.

**SO ORDERED.**