■ In the Matter of MARIA GUZMAN et al., Respondents, v 188-190 HDFC, Appellant. [830 NYS2d 112]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered June 29, 2005, which, as modified by an order, same court and Justice, entered November 3, 2005, granted the petition and directed appellant to issue certain proprietary shares in a cooperative to Maria Guzman, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In January 1988 petitioner Maria Guzman entered into an agreement with the Department of Housing Preservation and Development of the City of New York (HPD) to purchase shares of a co-op, appellant 188-190 Eighth Avenue Housing Development Fund Corporation (HDFC) (sued here as 188-190 HDFC), that HPD was sponsoring in a building in which Guzman had resided as a tenant for a number of years. At the time Guzman entered into the agreement she was in arrears. Pursuant to an August 31, 1988 stipulation settling a landlord-tenant proceeding involving the arrears, Guzman was entitled to purchase the shares if she complied with the terms of the stipulation for eight months, i.e., until April 30, 1989.*

On April 11, 2005, Guzman commenced this action, ostensibly a CPLR article 78 proceeding for mandamus, to compel appellant to issue to her the shares of the co-op to which she claimed to be entitled by virtue of the January 1988 agreement. Appellant asserted that, regardless of the appropriate characterization of Guzman's claim, her action was time-barred. After a trial, Supreme Court, among other things, rejected appellant's statute of limitations defense and granted the petition. Judgment was entered compelling appellant to issue the shares to Guzman, and this appeal ensued.

In applying a statute of limitations a court must look to the essence of the claim and not to the form in which it is pleaded (*see State of New York v Cortelle Corp.*, 38 NY2d 83, 86 [1975]). While Guzman styled the action as a CPLR article 78 proceeding for mandamus to compel (*see* CPLR 7803 [1]), such a proceeding lies only to compel the performance of a purely ministerial duty and only where the party seeking mandamus demonstrates a clear legal right to that relief (*Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]). Where the issue of the ownership of shares in a corporation is in dispute, mandamus to

---

* In 1995 another landlord-tenant proceeding was commenced against Guzman for nonpayment of rent. That proceeding was resolved by a stipulation requiring Guzman and another occupant of the apartment, Guzman's daughter Delores Lugo, to pay the arrears by a certain date.

compel the corporation to transfer such shares is not available (*see Matter of Levine v Pat-Plaza Amusements*, 67 Misc 2d 485, 487 [Sup Ct, Nassau County 1971, Bernard S. Meyer, J.], citing *Travis v Knox Terpezone Co.*, 215 NY 259, 264 [1915, Cardozo, J.]; *Matter of Lascaris v Albany Motor Renting Corp.*, 45 Misc 2d 263 [Sup Ct, Albany County 1964]). By parity of reasoning, mandamus to compel appellant to issue the shares to Guzman does not lie inasmuch as ownership of the shares is in dispute. Therefore, the statute of limitations applicable to CPLR article 78 proceedings (CPLR 217 [1]) does not apply.

Treating Guzman's proceeding as a plenary action (*see* CPLR 103 [c]) and looking to the essence of her claim, we find that her cause of action is one for breach of the August 1988 stipulation of settlement. Guzman's right to purchase the shares was contingent upon compliance with that stipulation for eight months, i.e., until April 30, 1989. Since stipulations of settlement are essentially contracts (*see Hotel Cameron, Inc. v Purcell*, 35 AD3d 153, 155 [1st Dept 2006]; *Sharp v Stavisky*, 221 AD2d 216 [1995]), the applicable statute of limitations is six years (CPLR 213 [2]) measured from April 30, 1989 when, assuming Guzman complied with the stipulation, she was entitled to purchase the shares and appellant failed to issue them to her, i.e., omitted performance of an obligation under the stipulation (*see Beller v William Penn Life Ins. Co. of N.Y.*, 8 AD3d 310 [2004]; *Stalis v Sugar Cr. Stores*, 295 AD2d 939 [2002]; *State of New York v Fenton*, 68 AD2d 951 [1979]). Guzman, however, did not commence this action until April 11, 2005, long after the six-year statute of limitations expired. Accordingly, Supreme Court erred in finding that the action was not time-barred.

In light of our determination, we need not reach appellant's remaining arguments. Concur—Tom, J.P., Mazzarelli, Saxe, Buckley and McGuire, JJ.