**Riverdale HM LLC v Weissbart**

2026 NY Slip Op 30001(U)

January 5, 2026

Supreme Court, Bronx County

Docket Number: Index No. L&T-339297-22/BX

Judge: Rina Gurung

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART K
-------------------------------------------------------------------x
RIVERDALE HM LLC,                                      Index No. L&T- 339297-22/BX

                Petitioner-Landlord,          **DECISION/ORDER**

    -against-                                      Mot. Seq. No. 2

RACHEL WEISSBART,

                Respondent-Tenant.
-------------------------------------------------------------------x
Present:       Hon. Rina Gurung
              Judge, Housing Court

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:

**Papers**                                                                   **Numbers**[1]
Petitioner's Notice of Motion, Affirmations, and Exhibits …………………..…...... 28-32
Respondent's Opposition …………………………………..…………………………….... 33
Petitioner's Reply …………………………………………………….…………………... 34
Court File…………………………………………………….………….......... *Passim*

      This is a summary holdover eviction proceeding commenced by Petitioner Riverdale HM LLC, ("Petitioner"), pursuant to Rent Stabilization Law 2524.3(b) and 2524.2(c), seeking possession of the subject premises from Respondent Rachel Weissbart ("Respondent"). On August 8, 2024, this proceeding was settled by a two-attorney Stipulation of Settlement ("stipulation"). On July 22, 2025, Petitioner filed this instant motion (i) seeking to restore this matter to the Court's calendar, (ii) entry of a final judgment of possession in favor of the Petitioner and issuance of the warrant of eviction against Respondent, and (iii) other relief. Respondent opposes arguing that (i) Petitioner improperly seeks an entry of a final judgment and warrant without a hearing, (ii) Petitioner fails to strictly comply with the terms of the stipulation, and (iii) the alleged conduct does not constitute a breach. For the reasons states *infra*, Petitioner's motion is denied.

---

[1] NYSCEF Document Number.

1

[* 1]

The Parties agree that this the subject premises is a rent stabilized unit. On August 8, 2024, the Parties, by their respective counsel, executed a stipulation wherein Respondent, consented to a twelve-month probationary period from August 7, 2024, to August 6, 2025. NYSCEF Document No. 27. Pertinent parts of the stipulation states:

> "3. Respondent consents to a twelve-month probationary period from Aug. 7, 2024, to Aug. 6, 2025, during which time Respondent will refrain from yelling and screaming in the public areas of the subject premises and banging on adjoining walls and doors of other tenants such that said conduct would constitute a nuisance as defined by 9 NYCRR 2524.3(b). Furthermore;
>> a. Respondent will not engage in or threaten physical altercations with personas at the building or engage in activities that threatens persons at or the building;
>> b. respondent will refrain from and not engage in conduct that is disorderly, or that threatens shareholders, residents or others in the common areas of the Building, the Building's premises or from Respondent's apartment, or apartment window or doorway;
>> c. Respondent will retain from vandalizing property and other resident's property at the building.
>
> 4. Upon default, Petitioner may move to restore this matter for a hearing upon ten (10) days' Notice of Motion for determination as to whether such material breach occurred and for appropriate relief, thereafter, including a final judgment of possession.
> 5. Any such motion to restore must be supported by (i) at least one affidavit from someone with personal knowledge of the allegation(s) constituting the alleged breach and include the dates, times, and locations the alleged conduct constituting a breach occurred, and (iii) any other evidence Petitioner intends to introduce at the hearing. Evidence not set forth in or attached to any such motion shall be not considered by the Court at the hearing. Petitioner shall not be entitled to a hearing absent strict compliance with this paragraph.
> 6. If Petitioner establishes a right to a hearing, then Respondent may submit proof as to any defenses, including that the breach has been cured, that such breach is not material, all mitigating factors, and/or the appropriate relief."

Now, Petitioner moves to restore this proceeding to the Court's calendar and for a final judgment of possession and issuance of the warrant of eviction against Respondent, alleging breach of this two-attorney stipulation. Respondent opposes, arguing that the stipulation only provides for restoration of this proceeding to the Court's calendar for a hearing upon ten (10) days' Notice of Motion for determination as to whether such material breach occurred and for

2

[* 2]

appropriate relief, thereafter, including a final judgment of possession. Respondent also argues that such motion to restore must be supported by (i) at least one affidavit from someone with personal knowledge of the allegation(s) constituting the alleged breach and include the dates, times, and locations the alleged conduct constituting a breach occurred, and (iii) any other evidence Petitioner intends to introduce at the hearing.

"Stipulations embody a compromise between competing parties that, if not ambiguous, must be construed according to their plain language, without relying on what a party may have been able to prove in litigation[.]" *See Banos v. Rhea*, 25 N.Y.3d 266, 276 (2015). Stipulations are "essentially contracts" and must be "construed in accordance with contract principles and the parties' intent[.]" *Sharp v. Stavisky*, 221 A.D.2d 216, 217 (1st Dept 1995) (internal quotation marks omitted) (quoting *Serna v. Pergament Distributors, Inc.*, 182 A.D.2d 985, 986 (3d Dept 1992), *appeal dismissed* 80 N.Y.2d 893 (1992)). "Whether or not a contract provision is ambiguous is a question of law to be resolved by a court[.]" *Van Wagner Advert. Corp. v. S & M Enters.*, 67 N.Y.2d 186, 191 (1986). "Parol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract." *See Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436 (2013). When ascertaining whether an agreement is unambiguous, the court may consider whether the utilized words "have a definite and precise meaning, unattended by danger of misconception in the purport" of the agreement itself, "and concerning which there is no reasonable basis for a difference of opinion[.]" *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978).

To begin, Paragraph 5 of the stipulation clearly provides that Petitioner may move to restore this matter for a hearing upon ten (10) days' Notice of Motion for determination as to whether such material breach occurred and for appropriate relief, thereafter, including a final

3

[* 3]

judgment of possession. Here, the notice of motion is simply to restore for a final judgment of possession and issuance of the warrant of eviction and skips the step seeking a hearing.

Paragraph 6 of the stipulation also provides that Petitioner's Amotion to restore must be supported by (i) at least one affidavit from someone with personal knowledge of the allegation(s) constituting the alleged breach and include the dates, times, and locations the alleged conduct constituting a breach occurred, and (iii) any other evidence Petitioner intends to introduce at the hearing. Here, while Petitioner's agent includes an affidavit, same is devoid of any information pertaining to the dates, times, and locations of the alleged conduct constituting breach. While the affidavit refers to emails three emails Petitioner allegedly received from "Adam" same email is devoid of facts and details necessary to constitute an alleged breach of the stipulation.

"A cardinal principle governing the construction of contracts is that the entire contract must be considered and, as between possible interpretations of an ambiguous term, which will be chosen which best accords with the sense of the remainder of the contract." *Rentways, Inc. v. O'Neill Milk & Cream Co.*, 308 N.Y. 342, 347 (1955). Also, terms of a stipulation should be read to avoid rendering any of the terms superfluous. *Suffolk Cnty. Water Auth. v. Vill. of Greenport*, 21 A.D.3d 947, 948 (2d Dept 2005) ("The determination of the Supreme Court in the plaintiff's favor is consistent with the plain meaning of the written agreement and basic principles of contract construction that an interpretation which renders language in the contract superfluous is unsupportable"). Therefore, the Court finds that the stipulation unambiguously required Petitioner to first seek a hearing and to be entitled to the hearing the motion must be supported by at least one affidavit from someone with personal knowledge of the allegation(s) constituting the alleged breach and include the dates, times, and locations the alleged conduct constituting a breach occurred, and (iii) any other evidence Petitioner intends to introduce at the hearing. Since

4

[* 4]

Petitioner did not meet both provisions of the stipulation, Court denies Petitioner's motion in its

entirety.

The foregoing is the Decision and Order of this court.

Dated: Bronx, New York
January 5, 2026

So Ordered:

_____

Hon. Rina Gurung
Judge, Housing Court

5

[* 5]